UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

DALLAS BUMPUS and MISTY BUMPUS, )
        Plaintiffs, )
         )
   vs. )    3:05-cv-0056-RLY-WGH
         )
LEONARD FREY and HENDRIX & DAIL, )
INC., )
        Defendants. )

**ENTRY ON SUMMARY JUDGMENT MOTION**

This matter is before the court on Defendant, Hendrix & Dail, Inc.'s ("H&D"), Motion for Summary Judgment. It claims that it is entitled to summary judgment through the application of Indiana's two year statute of limitations for product liability actions. For the reasons discussed in this entry, the court denies H&D's motion.

**Factual Background**

Plaintiff, Dallas Bumpus, worked for Defendant, Leonard Frey, on Frey's melon farm in Posey County, Indiana. While working for Frey in the spring of 2003, Bumpus ingested a chemical compound commonly referred to as "methylene bromide." Bumpus claims that as a result of inhaling the compound he has suffered serious permanent injury. The compound was sold as a crop fumigant to Frey by H&D. Bumpus asserts in his Amended Complaint that the exposure occurred on April 30, 2003. However, H&D has submitted an affidavit of one of its employees who states that he delivered five cylinders

which contained the fumigant on April 2, 2003, and picked up four nearly empty containers on April 13, 2003, and the fifth empty container on April 17, 2003.

In response to an interrogatory which asked what "immediate physical symptoms you experienced" as a result of the exposure, Bumpus responded, "gagging, vomiting, runny nose, eyes watering and I had trouble inhailing (sic)." On the basis of that response and the evidence that the exposure occurred no later than April 17, 2003, H&D argues that the Amended Complaint filed on April 28, 2005, (the date upon which H&D was added as a defendant) was filed eleven days past the two year statutory limitation period for filing such a claim. According to Bumpus, whether he was exposed on April 30th or April 3rd is irrelevant, because it was not until June of 2003 that he noticed a significant respiratory deficiency and was first diagnosed as having a medical problem possibly related to his exposure to the compound.

**Summary Judgment Standard**

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."Fed. R. Civ. P. 56(c). A fact is material if it is outcome determinative. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, (1986). In determining whether a genuine issue of material fact exists, the court must view the record and all reasonable

inferences in the light most favorable to the non-moving party.  *Heft v. Moore*, 351 F.3d 278, 283 (7th Cir. 2003). The moving party bears the burden of demonstrating the "absence of evidence on an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**Discussion**

The parties agree that Indiana law applies to this diversity action.  The limitations period in Indiana for filing a product liability action is two years from the point the action accrues.  Ind. Code § 34-20-3-1.  A cause of action accrues when a claimant knew or should have discovered that he suffered an injury caused by the product or act of another.  *Degussa Corporation v. Mullens*, 744 N.E.2d 407, 410 (Ind. 2001).  This is commonly known as the discovery rule.  The date upon which a plaintiff, in the exercise of ordinary diligence, should understand both that he is injured and the potential cause of that injury is most often a question of fact.  *Van Dusen v. Stotts,* 712 N.E.2d 491, 499 (Ind. 1999).

H&D argues that if Bumpus was experiencing the symptoms of gagging, vomiting and finding it hard to breathe immediately following his exposure, it was reasonable for him to assume that he had been injured by the compound.  If all that Bumpus were claiming was that he should be compensated for the symptoms he suffered immediately following his exposure, then H&D would have a point well taken.  It certainly seems that the exposure must have taken place between April 2nd and April 17th of 2003.

However, Bumpus is contending that he suffered a severe and permanent respiratory injury, evidence of which arose with his first efforts at more strenuous activities in June of 2003 and that the relation of this problem to his exposure to methylene bromide was not medically confirmed until shortly thereafter.

It is not reasonable to expect that Bumpus would be immediately aware of the long term potential health problems that may have accompanied his exposure to the product at issue.  *See Detrex Chemical Industries, Inc.*, 789 N.E.2d 75 (Ind. App. 2003). Consequently, viewing the evidence in a light most favorable to Bumpus, the statute of limitations did not begin to run until June of 2003 and his Amended Complaint was filed within those two years.

**Conclusion**

For the reasons expressed in this entry, H&D's Motion for Summary Judgment (Docket # 33) is **DENIED**.

IT IS SO ORDERED this 13th  day of September 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

David L. Clark
CLARK & STEEDMAN
dlclarklaw@sigecom.net

Robert John
ROBERT JOHN & ASSOCIATES, PC
rnjohn@juno.com

Ross E. Rudolph
RUDOLPH FINE PORTER & JOHNSON
rer@rfpj.com

Brent R. Weil
KIGHTLINGER & GRAY
bweil@k-glaw.com